An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ANTONIO CASTILLO,
Appellant,
vs.
THE STATE OF NEVADA; AND
DWIGHT NEVEN,
Respondents.

No. 64437

FILED

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Christopher Antonio Castillo's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Castillo contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Castillo contends that the district court erred by denying his claim that counsel was ineffective for advising him to waive his certification hearing in the juvenile court. The district court conducted

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15361

an evidentiary hearing, wherein Castillo's former counsel testified that she advised Castillo to waive the hearing because certification as an adult was a virtual certainty due to his use of a firearm and therefore negotiating an agreement with the State was the best option available. During argument, post-conviction counsel conceded that it was a "big stretch" to suggest that Castillo would not have been certified as an adult and stated she raised the claim to demonstrate his "unsophisticated view of the criminal justice system" and bolster her argument regarding mitigation. Because of this, and because Castillo admitted that he was satisfied with the negotiations, the district court denied this claim as moot. The district court also concluded that Castillo failed to demonstrate deficiency or prejudice. The record supports the district court's determinations, and we conclude that it did not err by denying this claim. *See* NRS 62B.390(2)(a)(2) (in most cases, the juvenile court shall certify a child as an adult if he is charged with an offense involving the use of a firearm); *see also Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (counsel's tactical decisions are virtually unchallengeable).

Second, Castillo contends that the district court erred by denying his claim that counsel was ineffective for failing to present witnesses at sentencing to testify about Castillo's low intelligence, cognitive immaturity, and troubled upbringing. After hearing testimony from the newly offered witnesses, the district court concluded that Castillo failed to demonstrate deficiency or prejudice because trial counsel had presented mitigation evidence and the sentence would not have been different had he presented the new witnesses. The record supports the district court's determinations, and we conclude that it did not err by denying this claim.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Brent T. Adams, District Judge
      Mary Lou Wilson
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

---

[1]The fast track statement submitted by Castillo fails to comply with NRAP 3C(h)(1) because the footnotes are not "in the same size and typeface as the body of the brief," NRAP 32(a)(5). Counsel is cautioned that future failure to comply with this court's briefing requirements may result in the imposition of sanctions. *See* NRAP 3C(n).